UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SPELL, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:19-06652 DOC (ADS)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING CASE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, including the Report and Recommendation of United States Magistrate Judge ("R&R"), dated May 29, 2020 [Dkt. No. 114], Plaintiffs' Objections to the R&R ("Objections") [Dkt. No. 115],[1] and Defendant County of Los Angeles' Response to Plaintiffs' Objections [Dkt. No. 118].

---

[1] Plaintiffs' Objections were filed twice. [Dkt. Nos. 115, 116]. As both documents are the same, the Court will only refer to Dkt. No. 115 in reference to the Objections.

1    The Court overrules Plaintiffs' Objections in their entirety on the basis that
2 nothing in the Objections adequately refutes the findings and conclusions in the R&R.
3 See [Dkt. No. 114, pp. 11, 20].  For example, Plaintiffs' Objections misstate the R&R with
4 regard to California Civil Code Section 1542.  [Dkt. No. 115, p. 6].  The R&R clearly finds
5 that Plaintiff Spell cannot state a claim for relief based upon her prior release of both
6 known and unknown claims against the County of Los Angeles and its employees, and
7 her waiver of the protections of California Civil Code Section 1542 in the Final
8 Settlement Agreement and Release.  It is this Final Settlement Agreement and Release
9 which resulted in the 2018 Joint Stipulation for Dismissal with Prejudice of Entire
10 Action Pursuant to Rule 41(a)(1)(A)(ii) in Central District of California Case No. 2:15-
11 7775, Susan Spell, M.D. v. County of Los Angeles, et al.  [Dkt. No. 114, pp. 16-18].
12    Second, Plaintiffs erroneously argue that the R&R is in error because the
13 statutory language of Section 1542 is not quoted and no explicit waiver of Section 1542
14 protection, "is found in the release Dr. Spell agreed to in settling her prior case."  [Dkt.
15 No. 115, p. 8].  However, both the statutory language of California Civil Section 1542,
16 and an explicit waiver of Section 1542 protection, are found in Sections 1.2 and 1.3 of the
17 Final Settlement Agreement and Release.  See [Dkt. No. 79-2, p. 52].  Third, Plaintiffs
18 object to the determination that Spell waived her right to both known and unknown
19 claims in the Final Settlement Agreement, arguing this to be a factual issue that cannot
20 be decided on a motion to dismiss.  However, the Magistrate Judge correctly considered
21 the release language in evaluating whether Plaintiffs stated a claim upon which relief
22 can be granted.  See Marder v. Lopez, 450 F.3d 445, 449 (9th Cir. 2006) (properly
23 considering the at issue release agreement as "part of the complaint"); United States v.
24 Ritchie, 342 F.3d 903 (9th Cir. 2003) (the court may treat documents incorporated by

2

reference as part of the complaint and "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Although Plaintiff Spell repeatedly insists she would not have signed the Final Settlement Agreement had she known about the alleged racially discriminatory report, "the law imputes to [Plaintiff] an intention corresponding to the reasonable meaning of [her] words and acts." Marder, 450 F.3d at 449 (citing Jefferson v. Cal. Dep't. of Youth Auth., 28 Cal. 4th 299, 121 Cal. Rptr. 2d 391, 48 P.3d 423, 426-27 (Cal. 2002) (quoting Edwards v. Comstock Ins. Co., 205 Cal. App. 3d 1164, 252 Cal. Rptr. 807, 810 (1988))). Determining Plaintiff's subjective intent at the time is not necessary when the intent of the parties' can "be inferred from the language of the Release," meaning the language is not ambiguous or uncertain. Here, the language of the Release and Section 1542 waiver in the Final Settlement Agreement and Release is broad, clear, and explicit. For the reasons stated in the R&R, Plaintiff Spell's attempt to avoid the ramifications of the Final Settlement Agreement and Release, by asserting fraudulent inducement and unconscionability, fails. As such, all of Plaintiff's claims alleged in the Complaint or proffered in the Opposition are barred.

In addition, this Court also agrees with the determination that any civil rights and loss of consortium claims brought by Plaintiff Spell related to the events described in the Complaint are barred by the two-year statute of limitations and equitable tolling does not apply on account of Plaintiff's alleged 2018 discovery of a 730 report by Dr. Gibbs dated in 2013. In addition to that set out in the R&R, there is ample evidence across Plaintiff's many cases that she received the at-issue report prior to 2018. See Case No. 2:18-04527 JFW (ADS) [Dkt. No. 55, p. 32] (reflecting Plaintiff Spell was carbon copied on the report when it was sent to her legal counsel on or about February 25, 2013); 2:19-

06652 DOC (ADS) [Dkt. No. 118, p. 2; Dkt. No. 118-1, p. 16] (reflecting Plaintiff, under penalty of perjury, described the contents of the report and attached the report to a Request for Domestic Violence Restraining Order Application she filed on November 14, 2016).

  This Court agrees with the Magistrate Judge's recommendation that Co-Plaintiff Evans not be given leave to amend.  In addition to the fact that the Complaint contains little to no allegations specifically related to Evans, the record reflects that Plaintiff cannot refrain from using and controlling the lawsuits of her family members as a vehicle to pursue her own litigation interests.  Evans has not sufficiently argued he will be prejudiced or that his claims will be time barred.

  Finally, this Court finds no support for Plaintiffs' assertion that the R&R is the result of racial discrimination.  The findings and conclusions in the R&R are based upon a well-reasoned application of the law and analysis of the legal pleadings in this case.

  As such, after thorough analysis and consideration of the Complaint, the Motion to Dismiss and related filings, the Report and Recommendation, Plaintiffs' Objections, Defendant's Response to Objections, and having performed a <u>de novo</u> review of those portions to which objections were made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

  Accordingly, IT IS HEREBY ORDERED:

1. The United States Magistrate Judge's Report and Recommendation, [Dkt. No. 114], is accepted;
2. Defendant County of Los Angeles' Motion to Dismiss [Dkt. No. 79] is granted;
3. The case is dismissed in its entirety.  Plaintiff Spell's claims are dismissed

1         with prejudice. Co-Plaintiff Evan's claims are dismissed without prejudice and without leave to amend, except the claim of consortium which is with prejudice; and

4. Judgment is to be entered accordingly.

DATED: July 8, 2020

                                              *David O. Carter*
                                              _____
                                              THE HONORABLE DAVID O. CARTER
                                              United States District Judge